No. 02-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 144

LLOYD SCOTT MAIER,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC-95-350,
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Vincent van der Hagen, Public Defender Office, Great Falls, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            Brant Light, Cascade County Attorney, Great Falls, Montana

        Submitted on Briefs:  November 7, 2002

            Decided:  May 20, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Lloyd Scott Maier was convicted of two counts of attempted deliberate homicide in the Eighth Judicial District Court, Cascade County. Maier subsequently filed a petition for post-conviction relief and an amended petition for post-conviction relief. The District Court denied both petitions, and Maier appeals. We affirm.

¶2 We restate the sole issue on appeal as follows:

¶3 Is Maier's amended petition for post-conviction relief procedurally barred by § 46-21-102, MCA (1999)?

**BACKGROUND**

¶4 Lloyd Scott Maier was convicted of two counts of attempted deliberate homicide on April 25, 1996. The charges arose from an incident on August 12, 1995, in which Maier shot Robert Bradford and Brian Kunesh with a semi-automatic rifle. Maier was sentenced by the District Court on June 28, 1996. On July 12, 1996, Maier appealed both his conviction and sentence to this Court. We affirmed the District Court on March 18, 1999. See *State v. Maier*, 1999 MT 51, 293 Mont. 403, 977 P.2d 298 (*Maier I*).

¶5 On April 16, 1999, Maier filed a petition for post-conviction relief in the District Court. Maier's petition contained ten claims. Then, with his petition for post-conviction relief still pending, Maier filed a petition for writ of habeas corpus with this Court. We considered Maier's petition and noted that, pursuant to § 46-22-101, MCA (1999), a writ of habeas corpus is not available to attack the validity of a conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the

2

remedy of appeal. Accordingly, we concluded that Maier's claims would be more properly raised in a petition for post-conviction relief, and dismissed Maier's petition for writ of habeas corpus on November 9, 2000.

¶6    Maier subsequently filed a second amended petition for post-conviction relief on November 21, 2000 (although no first amended petition for post-conviction relief was ever filed by Maier). Maier's second amended petition contained two additional claims. The District Court examined both of Maier's petitions for post-conviction relief, and determined that ten of Maier's claims were procedurally barred by § 46-21-105(2), MCA (1997). The District Court further determined that Maier's eleventh claim was improper under the facts of the case. Finally, the District Court found that Maier's twelfth claim contained sufficient merit to require a response from the State. Therefore, the District Court denied Maier's petitions for post-conviction relief with respect to eleven of his twelve claims on April 25, 2001.

¶7    The State responded to Maier's remaining claim by alleging that Maier's second amended petition for post-conviction relief was procedurally barred by § 46-21-102, MCA (1999). The District Court rejected the State's argument on September 20, 2001. The District Court then conducted a hearing on the merits of Maier's remaining claim on January 23, 2002. On March 20, 2002, the District Court issued an order, denying the remaining claim in Maier's second amended petition for post-conviction relief. Maier appealed the District Court's March 20, 2002, order on March 28, 2002.

3

**STANDARD OF REVIEW**

¶8 We review a district court's denial of a petition for post-conviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

**DISCUSSION**

¶9 Is Maier's amended petition for post-conviction relief procedurally barred by § 46-21-102, MCA (1999)?

¶10 As a preliminary matter, we note that although the petition filed by Maier on November 21, 2000, was titled "second amended petition for post-conviction relief," the petition was actually Maier's first amended petition, as no previous amended petition was filed. Thus, for clarification purposes, the petition titled "second amended petition for post-conviction relief" will hereinafter be referred to as "amended petition for post-conviction relief."

¶11 We further note that although Maier's petition for post-conviction relief and amended petition for post-conviction relief contained twelve claims (in total), only one of those claims is at issue in this appeal. That is, Maier does not contest the District Court's denial of the first eleven claims contained in his petitions for post-conviction relief. Accordingly, we will confine our review to the District Court's denial of Maier's twelfth claim, which he raised in his amended petition for post-conviction relief.

¶12 Throughout the proceedings, the State has asserted that it was unnecessary for the District Court to have considered the merits of Maier's twelfth claim, as Maier's amended petition for post-conviction relief was procedurally barred by § 46-21-102, MCA (1999). Section 46-21-102, MCA (1999), provides:

> (1) Except as provided in subsection (2), a petition for the relief referred to in § 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
>
>> (a) the time for appeal to the Montana supreme court expires;
>>
>> (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
>>
>> (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.
>
> (2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶13 Maier filed an appeal before this Court on July 12, 1996. We rendered our decision regarding Maier's appeal on March 18, 1999. See *Maier I*, ¶ 2. Maier then had ninety days to petition the United States Supreme Court for review. See Rule 11, Rules of the Supreme Court of the United States; and *State v. Root*, 2003 MT 28, ¶ 9, 314 Mont. 186, ¶ 9, 64 P.3d 1035, ¶ 9. Accordingly, pursuant to subsection (1)(b) of § 46-21-102, MCA (1999), Maier's conviction became final on June 16, 1999.

¶14 Maier's twelfth claim alleged the existence of newly discovered evidence. As we noted above, § 46-21-102(2), MCA (1999), provides that post-conviction petitions based upon claims of newly discovered evidence may be filed any time within one year of the date that the conviction becomes final, or within one year of the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later. However, because Maier raised his twelfth claim for the first time in his amended petition for post-conviction relief, it is the timeliness of Maier's amended petition which is germane to the instant appeal. Thus, we must consider the nexus between the requirements of § 46-21-102(2), MCA (1999), and § 46-21-105, MCA (1999).

¶15 Section 46-21-105, MCA (1999), addresses amendments to petitions for post-conviction relief. Section 46-21-105, MCA (1999), provides, in pertinent part:

> (1)(a) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended original petition. The original petition may be amended only once. At the request of the state or on its own motion, the court shall set a deadline for the filing of an amended original petition. If a hearing will be held, the deadline must be reasonably in advance of the hearing but may not be less than 30 days prior to the date of the hearing.

¶16 The plain language of § 46-21-105(1)(a), MCA (1999), clearly allows a petition for post-conviction relief to be amended once. However, in situations where the claim alleges the existence of newly discovered evidence, § 46-21-105(1)(a), MCA (1999), must be read in conjunction with § 46-21-102(2), MCA (1999). That is, "statutes do not exist in a vacuum, but must be read in relationship to one another to effectuate the intent of the statutes as a whole." *In re A. W.*, 1999 MT 42, ¶ 14, 293 Mont. 358, ¶ 14, 975 P.2d 1250, ¶ 14

6

(citations omitted). Therefore, we conclude that although § 46-21-105(1)(a), MCA (1999), allows a petition for post-conviction relief to be amended once, such amendment may not violate the provisions of § 46-21-102(2), MCA (1999), which requires petitions for post-conviction relief based upon a claim of newly discovered evidence to be filed within one year of the date that the conviction becomes final, or within one year of the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later. To conclude otherwise would render the requirements of § 46-21-102(2), MCA (1999), meaningless. Accordingly, we hold that an **amended** petition for post-conviction relief which is based upon a claim of newly discovered evidence must be filed within one year of the date that the conviction becomes final, or within one year of the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later, as required by § 46-21-102(2), MCA (1999).

¶17 In this case, Maier's amended petition for post-conviction relief alleged that newly discovered evidence existed which established that he did not commit the offense of attempted deliberate homicide. The facts surrounding Maier's claim are set forth below.

¶18 On September 24, 1998, a meeting was held between Maier and Robert Bradford at the Montana State Prison (MSP). At the time of the meeting, both Maier and Bradford were inmates at MSP, and the meeting was arranged by prison officials in an attempt to avoid potential problems between the two men. During the meeting, Bradford recanted testimony he had given at Maier's trial in 1996, in which he named Maier as the person who had shot him on August 12, 1995.

¶19 Maier contended that Bradford's statements were newly discovered evidence that established that he did not commit the offense of attempted deliberate homicide. As we noted above, Maier "discovered" Bradford's recanted testimony on September 24, 1998. However, despite this "discovery," Maier's original petition for post-conviction relief, which he filed on April 16, 1999, contained no claim with respect to newly discovered evidence. Rather, Maier waited until he filed his amended petition on November 21, 2000, to allege the existence of newly discovered evidence. Maier's amended petition was filed over one year after his conviction became final, and over two years after the date that Maier "discovered" Bradford's recanted testimony. As such, Maier's amended petition failed to comply with the requirements of § 46-21-102(2), MCA (1999).

¶20 This Court has previously stated that: "[T]he one year statute of limitations for postconviction relief is a jurisdictional limit on litigation and its waiver may only be justified by a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *State v. Abe*, 2001 MT 260, ¶ 15, 307 Mont. 233, ¶ 15, 37 P.3d 77, ¶ 15 (citations omitted). We have further stated that this "miscarriage of justice" exception does not apply to post-conviction claims unless the defendant alleges newly discovered evidence which establishes that the defendant did not commit the offense. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7.

¶21 In this case, the newly discovered evidence alleged by Maier concerned Bradford's recanted testimony. However, testimony from prison officials at the hearing on Maier's amended petition for post-conviction relief indicated that Bradford never actually stated that

8

Maier was not the person who shot him. Rather, prison officials testified that Bradford stated that he was not able to view the shooter because he was hiding behind the dashboard of his vehicle. Additionally, at Maier's trial in 1996, two other witnesses identified Maier as the person who shot Bradford. See *Maier I*, ¶ 56. Therefore, we conclude that Bradford's recanted testimony does not, by itself, establish that Maier did not commit the offense of attempted deliberate homicide on August 12, 1995. Accordingly, the "miscarriage of justice" exception to § 46-21-102, MCA (1999), does not apply to Maier's claim of newly discovered evidence.

¶22    In light of our above conclusions, we hold that Maier's amended petition for post-conviction relief was procedurally barred by § 46-21-102, MCA (1999). We further hold that the District Court erred when it failed to apply the procedural bar to Maier's amended petition. However, although the District Court's reason for denying Maier's amended petition was incorrect, its result can be sustained under the wrong-reason, right-result appellate rule. See *Knutson v. State* (1984), 211 Mont. 126, 129, 683 P.2d 488, 490. Therefore, for the foregoing reasons, the judgment of the District Court is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE