No. 03-856

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 309N

WILLIAM C. CRAWFORD,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    The District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV 03-373B,
                Honorable Stewart E. Stadler, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        William C. Crawford, *Pro Se*, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
        Assistant Attorney General, Helena, Montana

        Ed Corrigan, County Attorney, Kalispell, Montana


                     Submitted on Briefs:  July 14, 2004

                                Decided:  November 9, 2004

Filed:

                         _____
                                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 William C. Crawford appeals from the order entered by the Eleventh Judicial District Court, Flathead County, denying his petition for postconviction relief. We affirm.

¶3 Crawford pled guilty to a felony offense in 1999 and imposition of his sentence was deferred, subject to conditions. In July of 2000, Crawford admitted to violating some of the conditions and the deferred sentence was revoked. Approximately one month later, the State charged Crawford with two felony offenses and a jury convicted him in December of 2000. After a sentencing hearing on the revocation and the new convictions, the District Court entered a judgment and sentence. Crawford appealed, asserting the District Court erred in denying his pretrial motion to substitute counsel and his post-trial motion for mistrial. We affirmed. *State v. Crawford*, 2002 MT 157N, 312 Mont. 522, 55 P.3d 417.

¶4 Crawford timely petitioned for postconviction relief, asserting illegality of a search warrant and seizure of evidence, impropriety in recording his statements, ineffective assistance of trial and appellate counsel, destruction of evidence from the crime lab, improper denial of pretrial and post-trial motions, violation of the right to confront witnesses, juror misconduct and various due process violations. The District Court denied the petition

without holding a hearing. It determined that certain of Crawford's claims either were--or reasonably could have been--raised on direct appeal and, therefore, were precluded pursuant to § 46-21-105(2), MCA. With regard to Crawford's other claims, the District Court determined Crawford had not supported his factual allegations with affidavits, records or other evidence, as required by § 46-21-104(1)(c), MCA. Crawford appeals.

¶5 We observe that Crawford's appellate "briefs" are very similar to his petition and reply brief in the District Court, in that they consist of numbered paragraphs outlining various assertions regarding pre-trial, trial, post-trial and appellate proceedings in his case. Indeed, his opening brief on appeal is virtually identical to his petition to the District Court. As such, Crawford merely rehashes allegations presented to the District Court. He fails to argue on appeal that the District Court erred in concluding his petition did not meet the requirements of §§ 46-21-104(1)(c) and -105(2), MCA. More importantly, Crawford provides no authority in support of most of his assertions. Rule 23(a)(4), M.R.App.P., requires an appellant to support arguments with citations to relevant authorities; we do not address unsupported arguments. *See Sellner v. State*, 2004 MT 205, ¶ 51, 322 Mont. 310, ¶ 51, 95 P.3d 708, ¶ 51 (citation omitted). Therefore, we decline to address Crawford's unsupported assertions.

¶6 Crawford provides authority for only two propositions. First, he urges that pleadings by *pro se* litigants are to be liberally construed. Second, he contends that the Montana Constitution affords greater protections than the United States Constitution with regard to certain rights. He is correct on both points, but to no avail. Crawford does not present an

3

analysis relating these propositions to the District Court's conclusions that certain of his claims are barred by § 46-21-104(1)(c), MCA, and the remainder of his petition does not meet the requirements of § 46-21-105(2), MCA.

¶7     We have demonstrated a willingness to make accommodations for *pro se* parties by relaxing technical requirements which do not impact on fundamental bases for appeal.  A district court's decision is presumed correct, however, and it is the appellant who bears the burden of establishing error.  *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, ¶ 7, 53 P.3d 1266, ¶ 7 (citation omitted).  It is not this Court's obligation to locate authorities or formulate arguments in support of positions taken on appeal.  *State v. Flowers*, 2004 MT 37, ¶ 44, 320 Mont. 49, ¶ 44, 86 P.3d 3, ¶ 44 (citation omitted).  Here, Crawford has failed to establish error by the District Court.

¶8     We affirm the District Court's order denying Crawford's petition for postconviction relief.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE