FILED

03/06/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0738

DA 16-0738

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 42N

BRANDON BAGNELL,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 16-203
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Brandon Bagnell, Self-Represented, Polson, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General, Helena, Montana

        Steven Eschenbacher, Lake County Attorney, Polson, Montana

Submitted on Briefs:  January 17, 2018

Decided:  March 6, 2018

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brandon Bagnell ("Bagnell") appeals the Order of the Twentieth Judicial District, Lake County, dismissing his petition for postconviction relief (PCR). We affirm.

¶3 On May 17, 2013, the State of Montana charged Bagnell with felony stalking in violation of § 45-2-220, MCA. He was appointed Public Defender Benjamin Anciaux. On August 14, 2013, the State filed a notice that it was seeking Persistent Felony Offender (PFO) status for Bagnell. Anciaux filed a motion to dismiss and argued that Bagnell's first appearance was untimely. Bagnell was then appointed new counsel, Public Defender Jason Bryan. With Bryan as counsel, Bagnell entered into a plea agreement, and the District Court ordered a pre-sentence investigation (PSI) report.

¶4 On June 25, 2014, Bagnell appeared at his sentencing hearing with his third attorney, Public Defender Tim Baldwin. Baldwin advised the District Court that Bagnell wanted to withdraw his guilty plea and proceed to trial. However, on October 31, 2014, Bagnell withdrew his not guilty plea and pled guilty to felony stalking. As part of the plea agreement, the State withdrew its notice of PFO status, agreed to dismiss all remaining charges filed in the case, and not to prosecute Bagnell further for violations that arose out

2

of the initial conduct. The plea agreement did not specifically preserve any issues for appeal, and no issues were preserved orally at the change of plea hearing.

¶5 The District Court conducted a detailed colloquy prior to accepting the guilty plea. The District Court found that Bagnell was acting on the advice of competent counsel; that he was not under the influence of drugs or alcohol at the time or suffering from any impairment that would interfere with his ability to understand his decision to change his plea; that no threats or promises had been made against or to him; and that he was entering a plea of guilty knowingly, voluntarily, and intelligently. Bagnell was sentenced to five years with the Montana Department of Corrections.

¶6 On January 7, 2015, Bagnell contacted Baldwin and indicated his desire to appeal the guilty conviction. On January 14, 2015, Bagnell appealed. Baldwin attached an affidavit to the appeal admitting that he made a mistake by failing to preserve Bagnell's right to appeal and stating that Bagnell did not knowingly waive his right to appeal in the plea agreement. Although Bagnell's appeal was untimely, this Court granted an out-of-time appeal.

¶7 The Office of the Appellate Defender (OAD) appointed counsel to represent Bagnell on appeal. Appellate counsel reviewed the record and filed a motion for leave to withdraw and a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), advising this Court that she was unable to find any non-frivolous issues to raise on appeal. Appellate counsel noted that Bagnell might have a legitimate postconviction issue with regard to Baldwin's failure to preserve Bagnell's right to appeal in the Plea Agreement. Bagnell filed a response

3

objecting to appellate counsel's motion; however, on January 19, 2016, this Court independently reviewed the record and dismissed Bagnell's appeal.

¶8 Bagnell filed a PCR petition, alleging ineffective assistance of counsel, an involuntary guilty plea, a due process violation, and a *Brady* violation. The District Court reviewed the record under § 46-21-201, MCA, and did not order the State to respond and did not hold an evidentiary hearing. On November 2, 2016, the District Court held that Bagnell failed to make the requisite factual showing that he was entitled to the relief requested. Bagnell now appeals.

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Jenkins*, 2001 MT 79, ¶ 9, 305 Mont. 95, 23 P.3d 201. We review discretionary rulings in PCR proceedings, including rulings relating to whether to hold an evidentiary hearing, for an abuse of discretion. *State v. Sullivan*, 285 Mont. 235, 239, 948 P.2d 215, 218 (1997). We review claims of ineffective assistance of counsel de novo. *State v. Cobell*, 2004 MT 46, ¶ 8, 320 Mont. 122, 86 P.3d 20.

¶10 A PCR petition may not be based upon grounds for relief that were or could reasonably have been raised on direct appeal. Section 46-21-105(2), MCA; *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195. The petition must identify all facts that support the claims for relief, *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120, and the petitioner has the burden to show by a preponderance of the evidence that the facts justify relief, *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545; *State v.*

4

*Peck*, 263 Mont. 1, 3–4, 865 P.2d 304, 305 (1993). A petitioner seeking to reverse a district court's denial of a PCR petition, "bears a heavy burden." *Cobell*, ¶ 14. A district court considering a petition for PCR may hold an evidentiary hearing, § 46-21-201, MCA, and must enter findings of fact and conclusions of law, § 46-21-202, MCA. If a district court determines that "the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief," the district court may dismiss the proceedings without requiring a response by the State. *Sartain v. State*, 2012 MT 164, ¶¶ 42–44, 365 Mont. 483, 285 P.3d 407.

¶11 In assessing claims of ineffective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. The first prong of the *Strickland* test requires the defendant to show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To demonstrate that counsel's performance was deficient, the defendant must prove that counsel's performance fell below an objective standard of reasonableness. *Whitlow*, ¶ 10; *Bishop v. State*, 254 Mont. 100, 103–04, 835 P.2d 732, 734 (1992). The second prong of the *Strickland* test requires the defendant to prove that his counsel's deficient performance prejudiced the defense. *Whitlow*, ¶ 10; *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To show prejudice, the defendant alleging ineffective assistance of counsel must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have

insisted on going to trial. *State v. Thee*, 2001 MT 294, ¶ 9, 307 Mont. 450, 37 P.3d 741, *overruled on other grounds by Whitlow*, ¶ 13.

¶12    If a defendant is represented by counsel and enters a plea based on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. LeMay*, 2011 MT 323, ¶ 52, 363 Mont. 172, 266 P.3d 1278 (internal citations omitted). This Court will not reverse a district court's denial of a motion to withdraw a guilty plea if "the defendant was aware of the direct consequences of such a plea" and if the plea was not induced by threats, improper promises, or misrepresentations. *LeMay*, ¶ 53. Where a defendant knowingly and voluntarily "pleads guilty to an offense, the plea constitutes a waiver of all non-jurisdictional defects and defenses", which occurred prior to the entry of the plea. *State v. Watts*, 2016 MT 331, ¶ 9, 386 Mont. 8, 385 P.3d 960; *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491. However, where a claim is specifically reserved, it will be deemed appealable. Section 46-12-204(3), MCA; *State v. Pavey*, 2010 MT 104, ¶ 12, 356 Mont. 248, 231 P.3d 1104.

¶13    In its November 2, 2016 Order, the District Court detailed its inquiry into the merits of Bagnell's ineffective assistance of counsel claim and determined it was without merit. The District Court held:

> MCA 46-21-201 requires the district court to review the district court files and record, and determine whether that review conclusively shows [Bagnell] is not entitled to relief, before forwarding the petition to the county attorney or attorney general.

6

This Court has made that review, and determines the files and record conclusively show [Bagnell] is not entitled to the relief requested. Mr. Bagnell has not made the requisite factual showing. His conclusory statements and accusation are contrary to his testimony under oath at the time he entered his guilty plea.

We agree.

¶14 Bagnell argues that the District Court erred by dismissing his PCR petition without conducting a hearing, or any kind of inquiry, into his claims of ineffective assistance of counsel. Bagnell argues his guilty plea was involuntary because appointed counsel Baldwin failed to include his right to appeal in the plea agreement, as evidenced by the affidavit Baldwin submitted to this Court to allow him to file an out-of-time appeal. Further, Bagnell argues he felt pressured by counsel and the District Court to enter the plea agreement. Consequently, Bagnell argues he should have been allowed to withdraw his guilty plea.

¶15 The State counters that the District Court correctly dismissed Bagnell's PCR petition because (1) Bagnell's PCR claims are contrary to the facts established in the record, and (2) the affidavit from Bagnell's attorney "was prepared in the course of drafting the motion for Bagnell's out of time appeal and not in response to his claims" in this PCR proceeding.

¶16 Bagnell has not demonstrated that "resolution of any of his claims necessitated an evidentiary hearing." *See Sartain*, ¶¶ 42–44. Bagnell's argument that his Plea was involuntary because Baldwin failed to include the right to appeal is without merit. Prior to Bagnell's entry of a guilty plea, the District Court conducted a detailed colloquy during

7

which Bagnell affirmed that he was not under the influence of drugs or alcohol and was not suffering from any mental, physical, or emotional impairment, no threats had been made against him or promises made to him—other than those contained within the plea agreement—he acknowledged that he had adequate time to work with counsel, Baldwin, to prepare and indicated further that he was satisfied with Baldwin's services.

¶17 None of Bagnell's claims against Baldwin satisfy the standards for establishing ineffective assistance of counsel. Bagnell did not "overcome the presumption that his counsel acted in a reasonable, professional manner." *See Sellner v. State*, 2004 MT 205, ¶ 48, 322 Mont. 310, 95 P.3d 708. The written and oral record does not show that Baldwin or Bagnell intended to reserve the right to appeal and, even though Baldwin failed to preserve Bagnell's ability to appeal his guilty plea, Bagnell was not prejudiced by Baldwin's failure in this regard because this Court allowed Bagnell an out-of-time appeal, independently and fully reviewed the record, and concluded that an appeal of the case would be wholly frivolous.

¶18 The District Court acted within its authority by reviewing the files and determining that Bagnell has not demonstrated he is entitled to the relief he requests. *See* § 46-21-201, MCA; *Sartain*, ¶¶ 42–44. Although Korchenski initially noted that Bagnell might have an ineffective assistance of counsel claim with regard to Baldwin's failure to preserve Bagnell's right to appeal in the Plea Agreement, after reviewing the record, the District Court properly concluded that Bagnell failed to meet his burden to show his PCR petition

8

is entitled to further review or that his Plea Agreement should be withdrawn. *See Griffin*, ¶ 10; *Cobell*, ¶ 14. The District Court did not err in dismissing Bagnell's PCR petition.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation of the law was correct. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR