ORIGINAL

FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0388

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0388

FILED

AUG 3 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

LLOYD SCOTT MAIER,

Petitioner,

v.

ROBYN SCHIERHOLT,
Clerk of Court,

Respondent.

ORDER

Representing himself, Lloyd Scott Maier has filed a "Writ of Mandamus" with this Court, requesting that we entertain his Motion to Dismiss a juvenile case (Cause No. DJ 1980-29) from the Yellowstone County District Court, or alternatively, that we remand the case "for a proper hearing."

Maier explains that, in 2021, he twice attempted to file a Motion to Dismiss with the Clerk of Court in Yellowstone County and that each time he received letters from the Clerk returning his motion as unfiled. Maier contends that his due process rights under the Fourteenth Amendment have been violated and that he has been denied access to the court. He further contends that the Clerk cannot find the case even though he has explained it is "a sealed juvenile case and only a Judge can open it." Maier wants to expunge the record of this juvenile case because it "was used against [him] on the 28th day of June 1996." We presume Maier means it was used against him during his sentencing in 1996. Maier includes copies of his motions and the Clerk's letters.

As a threshold matter, we observe that while Maier served the Attorney General, he did not serve a copy upon the Clerk of Court for Yellowstone County District Court. M. R. App. P. 10(1). This type of proceeding, such as a writ of mandate, must be commenced in accordance with Montana's statutes. M. R. App. P. 14(2). Service upon

the party, such as the Clerk of Court, who is the person against whom the writ is directed, is also required, pursuant to § 27-26-205, MCA.

Pursuant to § 3-5-501(1)(a), MCA, "[t]he clerk of the district court, in addition to keeping the records and performing the duties prescribed elsewhere, shall[]. . . take charge of and safely keep or dispose of according to law all books, papers, and records that are filed or deposited in the clerk's office[.]" Under Montana law, a clerk of court must file matters as well as dispose of them. A judge only reviews matters once they have been filed with the Clerk. Section 3-5-501(1)(a), MCA. The Clerk of Court explained twice to Maier that no juvenile matter under his name or cause number was found, most likely because "the case file was destroyed long ago as Juvenile matters get sealed as of the age of 18, and then are destroyed after the statutory time period for retaining them [has] expired." Accordingly, the Clerk of Court has no duty to file Maier's motions because, under the statutory duty to dispose of records, this juvenile matter does not exist anymore in the Yellowstone County District Court. Moreover, Maier was convicted in 1996, and expungement now of a record will not change those convictions.[1]

Maier has not demonstrated a clear legal duty for the District Court to act. Section 27-26-102, MCA. To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.,* 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. As the Clerk of Court explained, no juvenile case for Maier remains in the District Court to file such a motion. Because there is no case, there is no clear legal duty to file Maier's motion. *Smith,* ¶ 28.

Maier's writ of mandate is not appropriate here. He has not demonstrated that he is entitled to the performance of a clear legal duty by the Yellowstone County Clerk of Court.

---

[1] *See State v. Maier,* 1999 MT 51, 293 Mont. 403, 977 P.2d 298 (this Court affirmed Maier's convictions and sentence) and *Maier v. State,* 2003 MT 144, 316 Mont. 181, 69 P.3d 1194 (affirming the District Court's denial of postconviction relief).

2

Section 27-26-102, MCA; *Smith*, ¶ 28. Maier has access to the courts, and his due process rights have not been violated with the return of his unfiled motions.

Accordingly,

IT IS ORDERED that Maier's Writ of Mandamus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to Robyn Schierholt, Clerk of District Court, Yellowstone County, along with a copy of his pleading; to counsel of record; and to Lloyd Scott Maier personally.

DATED this **31**ˢᵗ day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3