ORIGINAL

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0623

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0623

BRANDON KALE BAGNELL,

Petitioner,

v.

DEMETRIC GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Brandon Kale Bagnell has filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration and requesting his immediate release from prison. Bagnell asserts that this Court should "expunge" the five criminal cases, which date back to 1990, from three different District Courts where he received convictions and sentences in Montana. Bagnell includes a copy of a three-page form, alleging that "the State failed to indict by grand jury." Bagnell also lists fourteen issues for our consideration.

This Court is familiar with Bagnell's more recent sentencing history.[1] Bagnell provides that his oldest case is from the Eleventh Judicial District Court, Flathead County (Cause No. DC-90-223); his other cases are from the Thirteenth Judicial District Court, Yellowstone County (Cause Nos. DC-00-0054 and DC-00-0006); and his remaining cases originated in the Twentieth Judicial District Court, Lake County (Cause Nos. DC-13-80 and DC-15-355).

---

[1] See State v. Bagnell, No. DA 24-0464, pending appeal (Bagnell VII); State v. Bagnell, Cause No. DA 22-0056, 2023 MT 15N, 2023 Mont. LEXIS 63 (Jan. 24, 2023) (Bagnell VI); Bagnell v. Salmonsen, No. OP 20-0572, Order denying habeas corpus relief (Mont. Dec. 22, 2020) (Bagnell V); State v. Bagnell, No. DA 18-0160, 2020 MT 234N, 2020 Mont. LEXIS 2317 (Sept. 15, 2020) (Bagnell IV); Bagnell v. State, No. DA 16-0738, 2018 MT 42N, 2018 Mont. LEXIS 55 (Mar. 6, 2018) (Bagnell III); State v. Bagnell, No. DA 15-0039, Order dismissing appeal (Mont. Jan. 19, 2016) (Bagnell II); and State v. Bagnell, No. DA 14-0583, Order granting voluntary dismissal of appeal (Nov. 20, 2014) (Bagnell I).

As noted above, Bagnell has pursued prior appeals concerning his cases from the Lake County District Court. *See Bagnell I, Bagnell II, Bagnell III,* and *Bagnell IV.* In 2020, Bagnell challenged the Lake County District Court's jurisdiction in a petition for a writ of habeas corpus. *Bagnell V.* We denied the petition, explaining that he came too late to this Court for his claims because he had exhausted the remedy of appeal. Section 46-22-101(2), MCA. His pending appeal concerns the Lake County District Court case from 2015 (Cause No. DC-15-355) from which Bagnell appeals a July 23, 2024 Order denying his motion for a new trial. *Bagnell VII.*

Bagnell's present argument challenges the District Court's jurisdiction due to the commencement method for felony prosecution. His premise and basis for his writ lack merit. This Court has heard this argument many times. *State v. Montgomery,* 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery,* ¶ 9. In *Montgomery,* we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery,* ¶ 9 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). The District Court did not lack subject matter jurisdiction. *Montgomery,* ¶ 11. We decline to consider Bagnell's fourteen issues in a writ of habeas corpus.

Bagnell has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He is precluded procedurally from challenging his convictions and any resulting sentences now. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his convictions are not void. Bagnell has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Bagnell's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS ORDERED that this case is CLOSED as of this Order's date.

2

The Clerk is directed to provide a copy of this Order to counsel of record and to Brandon Kale Bagnell personally.

DATED this ____ day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3