
DA 09-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 25

DARRYL HAMILTON,

　　　　　Petitioner and Appellant,

v.

STATE OF MONTANA,

　　　　　Respondent and Appellee.

APPEAL FROM:　　District Court of the Eighth Judicial District,
　　　　　　　　In and For the County of Cascade, Cause No. DV 08-1037
　　　　　　　　Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　　Chad M. Wright, Hooks & Wright, P.C., Helena, Montana

　　　　　For Appellee:

　　　　　　　　Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
　　　　　　　　Attorney General; Helena, Montana

　　　　　　　　John Parker, Cascade County Attorney, Great Falls, Montana

　　　　　　　　　　　　　　　Submitted on Briefs:　January 13, 2010

　　　　　　　　　　　　　　　　　　　Decided:　February 9, 2010

Filed:

　　　　_____
　　　　　　　　　　　　Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Darryl Hamilton (Hamilton) appeals from an order of the Eighth Judicial District Court, Cascade County, denying Hamilton's petition for post-conviction relief. We affirm.

¶2     We review the following issue on appeal:

¶3     *Did the District Court abuse its discretion when it denied Hamilton's petition for post-conviction relief without granting him an evidentiary hearing?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     The State charged Hamilton on June 23, 2004, with eight counts of felony incest in violation of § 45-5-507, MCA. A jury convicted Hamilton of all eight counts in April 2005. Joseph Gilligan (Gilligan) represented Hamilton for the majority of the pre-trial and all trial proceedings. Gilligan withdrew as Hamilton's attorney of record on August 16, 2005.

¶5     This Court affirmed Hamilton's conviction and sentence. *State v. Hamilton*, 2007 MT 223, 339 Mont. 92, 167 P.3d 906. We held that Hamilton's claims of ineffective assistance of counsel were best suited for post-conviction proceedings. *See id.* at ¶¶ 23, 28, 31.

¶6     Hamilton timely filed a petition for post-conviction relief with the District Court on August 12, 2008. Hamilton claimed that Gilligan had rendered ineffective assistance of counsel, and requested that the District Court hold an evidentiary hearing. On February 19, 2009, the District Court denied Hamilton's petition and his request for an evidentiary hearing. The District Court dismissed Hamilton's claims of ineffective assistance of counsel pursuant to §§ 46-21-104(1)(c) and 46-21-104(2), MCA, for failure to make a prima facie showing of entitlement to relief, and pursuant to § 46-21-201(1), MCA, for failure to state a

2

claim for relief. Hamilton appeals.

**STANDARD OF REVIEW**

¶7      We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667 (citing *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118). We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Id.*

**DISCUSSION**

¶8      *Did the District Court abuse its discretion when it denied Hamilton's petition for post-conviction relief without granting him an evidentiary hearing?*

¶9      Hamilton argues that the District Court abused its discretion when it denied his petition for post-conviction relief without holding an evidentiary hearing. Hamilton contends that the District Court accepted Gilligan's representations "without any critical review" of the record, and that the court should not have found that Gilligan's affidavit was more credible than Hamilton's. Hamilton maintains that he deserved an evidentiary hearing on his petition. The State argues that the District Court properly dismissed Hamilton's petition without holding an evidentiary hearing.

¶10     A petition requesting post-conviction relief must show, by a preponderance of the evidence, that the facts justify the relief. *Heath*, ¶ 16. A petition for post-conviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have

3

attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. "Mere conclusory allegations are insufficient to support the petition." *Beach*, ¶ 16. A court may dismiss a petition for post-conviction relief without holding an evidentiary hearing if the petition fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA. *Heath*, ¶ 16 (citing *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422).

¶11 In addition, a district court may dismiss a petition for post-conviction relief without ordering a response if the petition, files, and records "conclusively show that the petitioner is not entitled to relief." Section 46-21-201(1)(a), MCA. Alternatively, the court may order a response and, after reviewing the response, "dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." Section 46-21-201(1)(a), MCA.

¶12 This Court applies the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), in assessing claims of inadequate assistance of counsel. *See e.g. Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *See e.g. State v. Hendricks*, 2003 MT 223, ¶ 6, 317 Mont. 177, 75 P.3d 1268; *Dawson*, ¶ 20. With respect to the first prong, the question that "must be answered is whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d

4

861. We stated in *Whitlow* that "[t]he strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and was based on sound trial strategy still remains." *Whitlow*, ¶ 21; *see also Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. This presumption "likewise undergirds the long-standing appellate standard that a petitioner seeking to reverse a district court's denial of a petition for postconviction relief based on a claim of ineffective assistance of counsel bears 'a heavy burden.' " *Whitlow*, ¶ 21 (quoting *Brown v. State*, 277 Mont. 430, 434, 922 P.2d 1146, 1148 (1996)). Under the second prong, the defendant bears the burden of establishing prejudice by demonstrating that, but for counsel's errors, there is a reasonable probability that the result would have been different. *State v. Godfrey*, 2009 MT 60, ¶ 14, 349 Mont. 335, 203 P.3d 834.

¶13    Hamilton alleges five separate instances of ineffective assistance by Gilligan. We address each in turn. With respect to each claim, we consider whether Hamilton's petition failed to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA (stating that the petition for post-conviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts") and, thus, whether the District Court abused its discretion by failing to hold an evidentiary hearing. We then consider whether the District Court erred by dismissing the claim.

¶14    Hamilton claims that Gilligan failed to adequately investigate and use information that Hamilton had provided to impeach the credibility of the victim and her mother. Specifically, Hamilton maintained that the victim and her mother had made false stalking allegations

5

against Hamilton, and that Gilligan had failed to investigate further. Hamilton also told Gilligan that Hamilton's ex-wife came from a family with a long history of sexual misconduct. Lastly, Hamilton provided Gilligan with time cards "that would have impeached the time line of abuse allegations made by the alleged victim," but claims that Gilligan failed use them to impeach the victim's testimony.

¶15 Gilligan responded to Hamilton's allegations by stating that he had contacted the witnesses provided by Hamilton. He found that much of the information provided by Hamilton was either irrelevant or inadmissible. With respect to Hamilton's time cards, Gilligan stated that he could not match the records with the alleged dates and times of the offenses. Lastly, Gilligan explained that he had elected not to attack the credibility of the victim and her mother because Hamilton had made "numerous admissions of having sexual contact" with the victim, and these admissions were videotaped during a police interview.

¶16 Although Hamilton provided Gilligan with information that he subjectively believed would impeach the credibility of the victim and her mother, Hamilton's petition fails to show that the information would have been admissible and effective. The petition fails to make a prima facie showing of entitlement to relief pursuant to § 46-21-104(1)(c), MCA. Because Hamilton's petition with respect to this claim does not satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA, the District Court did not abuse its discretion by dismissing Hamilton's claim without holding an evidentiary hearing.

¶17 Hamilton has also failed to show that his counsel's performance was constitutionally deficient or prejudicial in any way; thus, his petition fails to state a claim for relief on this

6

ground. We conclude that the District Court did not err when it dismissed Hamilton's claims that Gilligan had failed to investigate and impeach the credibility of the victim and her mother.

¶18 Hamilton next argues that Gilligan's failure to obtain a defense medical expert to conduct a second physical examination on the victim for defense purposes constituted ineffective assistance. Hamilton stated that he had told Gilligan that he had the funds to pay for the expert. Hamilton asked Gilligan to obtain another expert because the victim had had previous examinations for abuse. According to Hamilton, Gilligan told him that the first examination conducted by the State's expert was "good enough."

¶19 Hamilton's petition with respect to this claim does not show that Gilligan's decision was deficient or prejudicial. Even if Gilligan did tell Hamilton that the State's expert was "good enough," this does not show or support a reasonable inference that Gilligan's decision was deficient or prejudicial. Hamilton has not made a prima facie showing that he is entitled to relief; thus, the District Court did not abuse its discretion in failing to hold an evidentiary hearing with respect to this claim.

¶20 Gilligan explained in his affidavit that he had elected not to hire an expert because the physician for the State testified that there was no sign of penetration or other indicators of abuse. Gilligan stated that "I felt to have this evidence, or lack thereof, coming from a prosecution witness would better serve our case than call our own expert who would have the same opinion."

¶21 For his part, Hamilton has not set forth evidence that overcomes the strong presumption that Gilligan's conduct fell within the wide range of reasonable professional assistance. *See Whitlow*, ¶ 21. We conclude that Hamilton has failed to state a claim for relief, and that the District Court did not err in dismissing this claim pursuant to § 46-21-201(1)(a), MCA.

¶22 Gilligan told the jury during his opening statement that Hamilton would testify. Hamilton ultimately decided not to testify. Hamilton now claims that Gilligan's statement to the jury that Hamilton would testify constituted an unfulfilled promise, and that this constituted ineffective assistance.

¶23 The District Court observed that Hamilton's petition "does not state or show how or why the decision not to call Hamilton was deficient or prejudicial in light of the State's evidence and the prospect of subjecting Hamilton to cross-examination." We agree. Hamilton has not made a prima facie showing that he is entitled to relief. The District Court did not abuse its discretion in failing to hold an evidentiary hearing with respect to this claim.

¶24 The record also reflects that Gilligan had prepared Hamilton to testify. He stated that "we went over his proposed testimony including the questions he would be asked on cross-examination emphasizing questions regarding the statements he made to the police and how he could respond." After the first day of trial, however, Hamilton told Gilligan that he did not think he wanted to testify because "[i]t wouldn't do any good." Gilligan addressed

8

Hamilton's decision not to testify by drafting and using a jury instruction that "told the jury they could not draw any inference or conclusion based upon his failure to testify."

¶25 Hamilton has failed to show how Gilligan's performance was deficient or prejudicial in light of the damaging admissions Hamilton had made during the police interview and in light of Hamilton's decision not to testify. We conclude that, based on a careful reading of the record, Hamilton has failed to state a claim for relief. The District Court did not err in dismissing his claim.

¶26 Hamilton next maintains that Gilligan was ineffective because he allowed an investigating officer to testify about interview techniques, the nature and purpose of the techniques employed, and the officer's observations of Hamilton's demeanor during interviews. Hamilton's petition, however, does not explain why Gilligan's failure to object to the admission of the evidence was deficient or prejudicial. Hamilton's petition fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA. The District Court did not abuse its discretion by dismissing Hamilton's claim without first holding an evidentiary hearing.

¶27 Gilligan stated with respect to the officer's testimony that the State "had laid a proper foundation" for the testimony and that "[t]o object and dispute his ability to know signs of deception would have called undue attention to the confession which was already damaging enough." The District Court found Gilligan's explanation "patently reasonable," and we agree. Hamilton has failed to show that Gilligan's performance was deficient. We conclude

9

that the District Court did not err in dismissing Hamilton's claim that Gilligan was ineffective because he allowed an investigating officer to testify about interview techniques.

¶28 Hamilton lastly claims that Gilligan rendered ineffective assistance of counsel because Gilligan had drug and alcohol problems during the time he was representing Hamilton, that these problems adversely affected Gilligan's relationship with Hamilton, and that they adversely impacted Gilligan's pre-trial and trial performance. Hamilton argues that Gilligan's drug and alcohol problems created a conflict of interest. Specifically, Hamilton maintains that "[t]his can be seen during his closing argument when he told the jury that they probably hate Hamilton." Hamilton further contends that although "defense attorneys are not prohibited from saying negative things about their clients," Gilligan's "approach in this emotionally charged case cannot be considered a sound tactical decision."

¶29 We observe that Hamilton's petition does not show how Gilligan's alleged drug and alcohol problems actually caused any deficient performance. The District Court stated that "[t]hese facts do nothing more than establish a basis for speculative, derogatory innuendo." We agree. Hamilton's petition also failed to explain how Gilligan's statement during his closing argument was constitutionally deficient or prejudicial. We conclude that Hamilton's petition fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA. The District Court did not abuse its discretion by dismissing Hamilton's claim without first holding an evidentiary hearing.

¶30 Gilligan categorically stated that "[a]t no time—whether in the meetings, while investigating the case, in court proceedings or any other time pertinent to this case—was the

10

undersigned imbibing alcohol or had been drinking alcohol prior to said events." Gilligan's affidavit also explained that his statements during closing argument stemmed from the fact that "[t]his was an obviously emotional case based upon the subject matter involved which was eight counts of incest over a period of eight years." He stated that his statements during closing argument "were aimed at having the jury remove that emotion from their deliberations and, instead, concentrate on the testimony presented to dispute that this activity took place over that length of time and in the specific years alleged."

¶31 We conclude that Hamilton has failed to overcome the strong presumption that Gilligan's actions constituted trial strategy and were within the broad scope of reasonable professional conduct. *See Hendricks*, ¶ 7. With respect to Gilligan's alleged drug and alcohol problems, the District Court concluded that "[a]t the bottom line, irrespective of the self-serving derogatory innuendo, [Hamilton] fails to show that counsel's strategy and performance were the result of anything other than reasonable judgment calls, well-within the constitutionally permissible range of professional conduct expected of defense counsel in Montana." We agree. The District Court did not err in dismissing Hamilton's claim that Gilligan generally rendered deficient performance due to alleged drug and alcohol problems and that such alleged problems caused Gilligan to render deficient performance during his closing argument.

**CONCLUSION**

¶32 We conclude that Hamilton's petition for post-conviction relief fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA. The District Court did not abuse

11

its discretion when it dismissed Hamilton's petition without first conducting an evidentiary hearing. We also conclude that Hamilton's claims of ineffective assistance of counsel all failed to state claims for relief. The District Court did not err by dismissing Hamilton's petition for post-conviction relief.

¶33    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS