FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0165

DA 15-0165

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 71N

JEREMIAH ALLEN JOHNSON,

Plaintiff and Appellant

v.

STATE OF MONTANA,

Defendant and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 14-512
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeremiah Allen Johnson, self-represented, Deer Lodge, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
Assistant Attorney General, Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Jennifer Clark, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:   February 15, 2017

Decided:   March 28, 2017

Filed:

_____
Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jeremiah Allen Johnson (Johnson) appeals the dismissal of his petition for postconviction relief by the Fourth Judicial District Court, Missoula County.  We affirm, in part, and remand for an evidentiary hearing, findings of fact, and conclusions of law on Johnson's claim of non-disclosure of a plea offer.

¶3     The facts adduced at trial show that, on February 11, 2012, Johnson drove to the home of his ex-girlfriend, Kristy Horvath (Horvath) and her roommate, Tye Diamond (Diamond).  As a result of an earlier incident, Diamond had informed Johnson that he was not welcome at the house.  Present at the house when Johnson arrived were Horvath, Diamond, and two guests—Katrina Brenna (Brenna) and Horvath's ex-boyfriend, Tommy McDonald (McDonald).  Horvath stepped outside and asked Johnson to leave.  Johnson left, but continued to drive around the neighborhood.

¶4     Johnson returned later that night and knocked on the door.  Brenna opened the door with the hope of calming him down but Johnson pushed past her and punched McDonald in the face, breaking his nose.  When Diamond intervened, Johnson punched

2

him several times. The altercation moved outside and continued until Johnson said, "I'm done." Law enforcement arrived shortly thereafter.

¶5 The State ultimately charged Johnson with burglary and two counts of misdemeanor assault. Johnson later pled guilty to the assaults and went to trial on the burglary charge. Upon conviction at trial, the District Court sentenced Johnson to ten years in prison, with three years suspended, on the burglary and concurrent six-month sentences on the assault charges. Johnson appealed his burglary conviction on the sole contention that the District Court abused its discretion when it denied his motion to excuse a juror for cause. This Court affirmed the conviction on appeal. *State v. Johnson*, 2014 MT 11, ¶ 20, 373 Mont. 330, 317 P.3d 164.

¶6 On May 12, 2015, Johnson timely filed a Petition for Postconviction Relief claiming ineffective assistance of counsel based on nine asserted trial errors. The District Court noted most factual underpinnings for the allegations were record-based and known to Johnson at the time of his appeal. Finding some assertions of error to be non-record-based, the Court issued a *Gillham* order[1] for further explanation from Johnson's counsel.

¶7 By affidavit, trial counsel addressed various assertions of error. Counsel explained that a defense investigator informally interviewed assault victim Tommy McDonald by telephone regarding the severity of his injuries. Counsel stated he advised Johnson that McDonald's injuries were so severe the State potentially could amend one

---

[1] *See Petition of Henry J. Gillham*, 216 Mont. 276, 281-82, 704 P.2d 1019, 1020 (1985).

of the misdemeanor assault charges to aggravated assault, a felony. With that in mind, Johnson elected to plead to the two misdemeanor assault charges. Regarding the State's original plea offer in April 2012, counsel stated he discussed the offer with Johnson, who was then not in jail, but Johnson rejected it out of hand.

¶8 Upon consideration of Johnson's petition, counsel's affidavit, and the State's response, the District Court addressed each of Johnson's claims. The court ultimately dismissed the petition without a hearing on the grounds that Johnson's record-based assertions of error failed to a state a cognizable claim for postconviction relief and that Johnson failed to provide sufficient evidentiary support to sustain his non-record-based claims.

¶9 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hamilton v. State*, 2010 MT 25, ¶ 7, 355 Mont. 133, 226 P.3d 588. We review a district court's decision regarding whether to hold an evidentiary hearing in a postconviction proceeding for an abuse of discretion. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. This Court reviews de novo mixed questions of law and fact presented by claims of ineffective assistance of counsel. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.

¶10 In assessing claims of inadequate assistance of counsel, this Court applies the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Hamilton*, ¶ 12. The petitioner must show that counsel's performance was deficient and

that the deficient performance prejudiced the defendant by depriving him of a fair trial. *Hamilton*, ¶ 12. Under the first prong, the question "is whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. The petitioner bears 'a heavy burden' to overcome the presumption that counsel's conduct falls within the wide range of sound trial strategy based on objectively reasonable professional norms. *Whitlow*, ¶ 21; *see also Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the petitioner bears the burden of showing that a reasonable probability exists that the trial result would have been different but for counsel's error. *Hamilton*, ¶ 12.

¶11 A petition for postconviction relief must "identify all facts supporting the [asserted] grounds for relief . . . and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. The petition must show, by a preponderance of the evidence, that the facts justify the relief. *Hamilton*, ¶ 10 (citing *Heath*, ¶ 16). The petition must "be accompanied by a supporting memorandum including appropriate arguments and citations and discussions of authorities." Section 46-21-104(2), MCA. "Mere conclusory allegations are insufficient to support the petition." *Hamilton*, ¶ 10 (quoting *Beach v. State*, 2009 MT 398, ¶ 16, 353 Mont. 411, 220 P.3d 667). The district court may deny a petition on the pleadings for failure to state a claim when the petition and supporting memorandum and evidentiary

showing fail to present a prima facie postconviction claim. Section 46-21-201(1)(a), MCA; *Herman*, ¶ 15.

¶12 Johnson first asserts that counsel failed to preserve his right to appeal the trial court's refusal to admit two text messages purportedly received from Horvath. Johnson asserts the court considered the proposed exhibit at an unrecorded sidebar. On appeal, Johnson submits copies of two messages but provides no substantiation that those were in fact the messages addressed at the sidebar. In substance, the messages reference Horvath's willingness to tell Johnson's lawyer "that I lied about you being over there" and "I didn't lie [when] I told you the police reports seem really fucked up and if I can see them with your lawyer I will tell him that." Johnson asserts that admission of these messages would have beneficially changed the outcome of the trial.

¶13 The trial record, however, shows that counsel examined Horvath about the substance of the text messages referencing her lies to the police on the night of the incident and her willingness to allow Johnson to enter her home. On postconviction review, the District Court concluded that Johnson's speculative statement that the jury "could have ruled differently" was insufficient to demonstrate that admission of copies of the text messages would have had any additional or weightier probative value before the jury than Horvath's testimony. Upon review, we conclude counsel's failure to ensure that the District Court recorded the sidebar colloquy in a felony criminal trial fell below objective professional performance norms. However, we further conclude that the District Court did not err in concluding that Johnson failed to meet his burden of making

a prima facie showing a reasonable probability that the trial result would have been different but for counsel's failure to preserve the matter for record review.

¶14    Johnson next asserts that he was prejudiced by counsel's failure to: (1) adequately prepare for trial; (2) interview a key witness (Tommy McDonald) prior to trial; and (3) adequately pressure the prosecutor to drop the burglary charge. However, counsel's affidavit clearly explained his pretrial preparation and strategy. The affidavit indicates that a defense investigator interviewed McDonald by telephone prior to trial. The affidavit shows that counsel explained, and Johnson agreed, that it would have been strategically unwise to press the State on the misdemeanor assault charges due to the potential for amendment of one charge to the more serious offense of felony aggravated assault. Johnson made no evidentiary showing to refute counsel's account of his pretrial preparations, strategy, or plea negotiation efforts. Therefore, we conclude the District Court correctly concluded these claims failed to state a cognizable claim for postconviction relief.

¶15    Johnson asserts counsel deficiently performed in various ways in the handling of witnesses at trial. Asserting that all three of the State's witnesses lied in their sworn testimony, Johnson alleges counsel failed to adequately point out the alleged lies and failed to effectively impeach those witnesses with inconsistent statements. He further asserts that counsel failed to challenge law enforcement's allegedly flawed interview techniques. Johnson asserts that counsel failed to develop and adequately use Horvath's statement that "Katie let him in and I didn't tell her not to" to defeat the burglary charge

7

on the asserted ground this would have shown that he lawfully entered the home. Johnson asserts further that counsel negligently failed to present evidence to undermine the credibility of Brenna's account of events at Horvath's home by showing Brenna failed to appear at a hearing to substantiate a temporary order of protection she had obtained against Johnson.

¶16 Our review of the record shows that trial counsel thoroughly cross-examined the State's witnesses, thereby obtaining information consistent with Johnson's trial theory and often contrary to their respective direct testimony. Johnson failed to show an evidentiary basis upon which to conclude that counsel failed to adequately challenge law enforcement interview techniques. Therefore, we conclude that the District Court correctly concluded that Johnson failed to meet his burden of making a prima facie showing of ineffective assistance of counsel on these grounds.

¶17 Johnson next asserts that counsel was ineffective by use of an incorrect version of the burglary statute during his closing argument and failed to adequately argue that the evidence was insufficient to prove that Johnson had the requisite mental state for burglary because he was unaware of McDonald's presence when he entered Horvath's home. These claims are entirely record-based claims. We conclude the District Court correctly dismissed these claims as procedurally barred by § 46-21-105(2), MCA (requiring assertion of record-based claims on direct appeal).

¶18 For the first time on appeal, Johnson asserts a due process prosecutorial misconduct claim on the asserted ground that the prosecutor solicited perjured testimony

8

from all three of the State's witnesses.  Johnson further asserts for the first time on appeal that the court or counsel improperly excluded him from an evidentiary sidebar at trial in violation of his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution to be present at all critical stages of the proceeding.  Though he characterizes his solicitation of perjury claim as a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) (unconstitutional failure to disclose exculpatory evidence), Johnson does not allege the State withheld *any* evidence and has failed to make an evidentiary showing that the prosecutor knowingly or unknowingly presented or solicited any false testimony or otherwise engaged in any sort of prosecutorial misconduct.

¶19     Moreover, while the unrecorded evidentiary sidebar may very well have been a critical stage of the proceeding for constitutional purposes, Johnson has made no particularized assertion or evidentiary showing and we find no record basis on independent review upon which to conclude that a reasonable probability exists that the error altered or prejudiced the outcome of the trial.  In any event, Johnson waived his asserted prosecutorial misconduct and "critical stage" claims by failing to raise them before the District Court on initial postconviction review and we find no basis on this record for *sua sponte* plain error review on appeal.

¶20     Johnson finally asserts that counsel performed deficiently and prejudicially by failing to disclose and advise him regarding a plea agreement offer for a ten-year prison sentence, with eight years suspended, on the burglary charge.  By affidavit, counsel asserts that Johnson summarily declined the subject offer in April 2012 after counsel

disclosed and explained it to him. Without conducting an evidentiary hearing to develop and resolve this conflict, the District Court dismissed the claim for a failure of proof.

¶21 To sustain an ineffective assistance of counsel claim based on non-disclosure of a plea offer, the second prong of the *Strickland* analysis requires proof of a reasonable probability that the defendant would have accepted the offer and proof of a reasonable probability that the prosecutor would have performed and that the court would have accepted the sentencing recommendation. *Missouri v. Frye*, 566 U.S. 134, 148, 132 S. Ct. 1399, 1410-11 (2012).

¶22 In 2013, we affirmed a district court dismissal of an ineffective assistance of counsel postconviction claim similar to Johnson's claim. *Kelly v. State*, 2013 MT 21, ¶ 13, 368 Mont. 309, 300 P.3d 120 (affirming dismissal of non-disclosure of plea offer claim without hearing due to lack of proof). On appeal here, the State asks us to take judicial notice of the fact that Kelly subsequently re-asserted his ineffective assistance of counsel claim by federal habeas petition, which did not resolve in the State's favor until after nearly two years of factual development and briefing in federal court. *See Kelly v. Kirkegard*, 2015 U.S. Dist. LEXIS 131759 (W.D. Mont. July 15, 2015). In the interest of judicial economy, the State urges that we remand this case for an evidentiary hearing to develop an adequate factual record and resolve Johnson's plea non-disclosure claim on the merits. We concur.

¶23 Therefore, we affirm the District Court's dismissal of Johnson's petition for postconviction relief with the exception that we reverse and remand for an evidentiary

hearing, findings of fact, and conclusions of law adjudicating Johnson's ineffective assistance of counsel claim alleging non-disclosure of a plea offer on the merits.

¶24 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE