FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0626

DA 16-0626

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 74N

JEREMY MacGREGOR,

        Petitioner and Appellant,

v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. BDV-2014-951
Honorable DeeAnn Cooney, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jeremy Steven MacGregor, Self-Represented,

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
        Assistant Attorney General, Helena, Montana

        Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  January 31, 2018

Decided:  April 3, 2018

Filed:

                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeremy Steven MacGregor ("MacGregor") appeals the Order of the First Judicial District Court, Lewis and Clark County, dismissing his petition for postconviction relief ("PCR"). We affirm.

¶3 Following an incident on April 15, 2010, the State charged MacGregor with two counts of attempted deliberate homicide for shooting his then-wife and live-in nanny. MacGregor was initially represented by a public defender, but insisted on representing himself. The District Court allowed him to proceed with a public defender as standby counsel. On February 28, 2011, a jury convicted MacGregor of two counts of attempted deliberate homicide in violation of § 45-5-102, MCA. The District Court sentenced MacGregor to 100 years for each count, with the sentences to run concurrently. The District Court also restricted MacGregor's parole eligibility for fifty years.

¶4 MacGregor appealed, arguing ineffective assistance of counsel ("IAC"). The Office of Appellate Defender represented MacGregor on his direct appeal. Due to his dissatisfaction with appointed appellate counsel, however, MacGregor fired his appellate counsel and proceeded pro se. MacGregor's pro se appeal was rejected by this Court due to his failure to comply with the Montana Rules of Appellate Procedure. MacGregor requested new counsel, and this Court re-appointed appellate counsel from the Office of

2

Appellate Defender. On October 15, 2013, this Court affirmed MacGregor's convictions. *State v. MacGregor*, 2013 MT 297, 372 Mont. 142, 311 P.3d 428.

¶5 MacGregor petitioned for rehearing, arguing that this Court overlooked certain material facts. The petition was denied. On December 5, 2014, MacGregor filed a timely PCR petition pursuant to § 46-21-102(1), MCA. The District Court evaluated the record and PCR petition and did not require the State to respond. On October 6, 2016, the District Court issued an Order denying MacGregor's petition, holding:

> Upon review of Petitioner's verified petition for postconviction relief and brief in support, this Court finds that MacGregor's brief fails to prove by a preponderance of the evidence that he is entitled to relief. In challenging the effectiveness of his [appellate counsel], MacGregor relies largely on conclusory allegations and fails to establish the two-prongs of *Strickland*.

MacGregor appeals the denial.

¶6 We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Haagenson v. State*, 2014 MT 223, ¶ 8, 376 Mont. 239, 332 P.3d 268; *State v. Jenkins*, 2001 MT 79, ¶ 9, 305 Mont. 95, 23 P.3d 201. We review discretionary rulings in PCR proceedings, including rulings relating to whether to hold an evidentiary hearing, for an abuse of discretion. *Hamilton v. State*, 2010 MT 25, ¶ 7, 355 Mont. 133, 226 P.3d 588. We review claims of ineffective assistance of counsel de novo. *State v. Cobell*, 2004 MT 46, ¶ 8, 320 Mont. 122, 86 P.3d 20.

¶7 A PCR petition may not be based upon grounds for relief that were or could reasonably have been raised on direct appeal. Section 46-21-105(2), MCA; *Rukes v. State*, 2013 MT 56, ¶ 8, 369 Mont. 215, 297 P.3d 1195. The petition must identify all facts that

support the claims for relief. Section 46-21-104(1), MCA; *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120. The petitioner has the burden to show by a preponderance of the evidence that the facts justify relief. *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545; *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473 (citing § 46-21-104, MCA); *Cobell*, ¶ 14 (stating that a petitioner seeking to reverse a district court's denial of a PCR petition, "bears a heavy burden. . . ."). If a district court determines that "the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief," the district court may dismiss the proceedings without requiring a response by the State or without holding an evidentiary hearing. *Sartain v. State*, 2012 MT 164, ¶¶ 42–44, 365 Mont. 483, 285 P.3d 407 (quoting § 46-21-202, MCA).

¶8     In assessing claims of ineffective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. The first prong of the *Strickland* test requires the defendant to show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To demonstrate that counsel's performance was deficient, the defendant must prove that counsel's performance fell below an objective standard of reasonableness. *Whitlow*, ¶ 10; *Bishop v. State*, 254 Mont. 100, 103, 835 P.2d 732, 734 (1992). The second prong of the *Strickland* test requires the defendant to prove that his counsel's deficient performance prejudiced the defense. *Whitlow*, ¶ 10; *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To show prejudice, the defendant alleging ineffective assistance of counsel must demonstrate a reasonable probability that, but for counsel's

errors, he would not have pled guilty and would have insisted on going to trial. *State v. Thee*, 2001 MT 294, ¶ 9, 307 Mont. 450, 37 P.3d 741, *overruled on other grounds by Whitlow*, ¶¶ 13, 18. The *Strickland* test applies to claims of IAC against both trial and appellate counsel. *Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, 973 P.2d 233.

¶9 Appellate counsel need not raise every nonfrivolous or colorable issue requested by his client. *Jones v. Barnes*, 463 U.S. 745, 750–54, 103 S. Ct. 3308, 3312–14 (1983); *Weller v. State*, 2009 Mont. Dist. LEXIS 414, ¶ 19. Effective appellate counsel must apply professional judgment and raise "only those arguments most likely to succeed." *Davila v. Davis*, __U.S. __, 137 S. Ct. 2058, 2067 (2017); *see also Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986). "Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila*, __U.S. at __, 137 S. Ct. at 2067.

¶10 MacGregor argues that appellate counsel declined to file a motion for an over-length brief as MacGregor requested, and instead met the brief requirements by omitting certain arguments that MacGregor wanted to include. MacGregor argues these omissions resulted in meritorious issues not being preserved on appeal, and the merits of these arguments are evidenced by appellate counsel not filing an *Anders* brief.[1] MacGregor makes the following specific claims of IAC based on the arguments appellate counsel did not raise on appeal: (1) MacGregor's right to a fair trial before an impartial tribunal was violated; (2)

---

[1] When appellate counsel is unable to find *any* non-frivolous issues to raise on appeal, she will file a brief advising the Court of her conclusion pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

MacGregor was entitled to be charged by preliminary hearing or grand jury indictment instead of information; (3) collusion between the trial judge, law enforcement, and public defender; (4) MacGregor's right to counsel was violated when the District Court failed to obtain an unequivocal waiver before designating his standby counsel as co-counsel; (5) co-counsel, the District Court, and the State violated MacGregor's right to compulsory process by failing to secure the presence of a potential witness at trial; (6) the prosecutors should have recused themselves after they acted as "witnesses" in his case by signing the motion for leave to file information; and (7) the restitution order was illegal because the presentence investigation ("PSI") report was deficient.

¶11 The District Court analyzed each of MacGregor's IAC claims and found them all to be without merit. The District Court held:

> *[Appellate counsel] [was] well within the bounds of professional judgment to decline certain requests from his client. . . . Given the strong presumption that [appellate counsel's] conduct falls within the wide range of reasonable professional assistance, MacGregor's argument fails to overcome the presumption that, under the circumstances, the challenged action (or inaction) could be considered sound appellate strategy.*

The State also points out that to the extent the proposed appellate claims were not frivolous and wholly without merit, MacGregor has not shown they are plainly stronger than the claims of error that appellate counsel actually raised on appeal. We agree.

¶12 The claims appellate counsel declined to raise were not plainly stronger than those actually presented to the appellate court. *See Davila*, __ U.S. at __, 137 S. Ct. at 2067. Appellate counsel applied professional judgment and reasonably decided not to raise the claims of error that MacGregor asserts should have been raised on direct appeal.

MacGregor did not "overcome the presumption that his counsel acted in a reasonable, professional manner." *See Sellner v. State*, 2004 MT 205, ¶ 48, 322 Mont. 310, 95 P.3d 708. Because MacGregor fails to establish appellate counsel's performance was deficient, we decline to analyze whether MacGregor was prejudiced by appellate counsel's decisions. *See Whitlow*, ¶¶ 10–11 (holding "if an insufficient showing is made regarding one prong of the test, there is no need to address the other prong."); *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. MacGregor has not met his burden to show that the District Court erred when it denied and dismissed his claims of IAC regarding appellate counsel. *See Cobell*, ¶ 14. Additionally, MacGregor also has not demonstrated that "resolution of his claims necessitated an evidentiary hearing." *See Sartain*, ¶¶ 42–44.

¶13 The District Court did not err when it determined that MacGregor's brief failed to prove by a preponderance of the evidence that he is entitled to relief. MacGregor's reliance on conclusory allegations fails to establish the two-prongs of *Strickland*. We therefore affirm the District Court's dismissal of MacGregor's PCR petition.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Conclusions of Law were correct, its Findings of Fact were not clearly erroneous, and its ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ JIM RICE
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER