FILED

03/30/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0583

DA 19-0583

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 81N

KAHANE THOMAS BEAVERS,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-19-268
Honorable Gregory R. Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kahane Thomas Beavers, Self-Represented, Shelby, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

Joshua A. Racki, Cascade County Attorney, Amanda Lofink, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  January 6, 2021

Decided:  March 30, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Kahane Thomas Beavers appeals from the April 1, 2019 order of the Eighth Judicial District Court, Cascade County, denying his petition for postconviction relief and petition for writ of habeas corpus.

¶3 This Court confines review to those issues properly preserved for appeal. Section 46-20-104(2), MCA; *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. We decline to consider issues Beavers raises for the first time on appeal. Therefore, we consider the following two issues which we determine are properly before us: (1) whether defense counsel was ineffective for failing to argue that Beavers should have been sentenced under the 2017 legislative revisions to the sexual intercourse without consent statutes passed by Senate Bill 29 (SB 29); and (2) whether the District Court abused its discretion when it dismissed Beavers' postconviction relief petition without holding an evidentiary hearing. We affirm.

¶4 On July 13, 2016, Beavers was charged with one count of sexual intercourse without consent in violation of § 45-5-503 (2015), MCA, after allegedly committing the crime on July 8, 2016. Beavers pled guilty pursuant to a non-binding plea agreement on December 4,

2017. The District Court accepted the guilty plea and sentenced Beavers to Montana State Prison for 65 years, with no time suspended on February 28, 2018.

¶5 Beavers filed a petition for postconviction relief in the District Court arguing his counsel was ineffective for failing to argue for the application of the 2017 revised sexual intercourse without consent penalties. The District Court entered an order denying Beavers' petition without holding a hearing.

¶6 Between the time Beavers committed the offense and his sentencing, the 2017 Legislature passed SB 29, which, among other things, provided a broader definition of "consent" and revised penalties for sexual offenses.

¶7 The penalty for sexual intercourse without consent under the 2015 version of the statute was life imprisonment or an applicable range of incarceration between 2 to 100 years. Section 45-5-503 (2015), MCA. The 2017 amendments changed the penalty for sexual intercourse without consent to "life imprisonment or by imprisonment in the state prison for a term of not more than 20 years." 2017 Mont. Laws, ch. 279, § 3. The legislature clarified: "[This Act] applies to crimes committed on or after [the effective date of this Act]." The effective date of the Act was October 1, 2017. 2017 Mont. Laws, ch. 279, § 8.

¶8 The District Court determined the 2015 sexual intercourse without consent penalties applied because these laws were in effect when Beavers committed the offense. The District Court made clear that SB 29, in its entirety, only applied to crimes "committed on or after [October 1, 2017]." The District Court reasoned that Beavers was subject to the

3

2015 law because Beavers committed his offense before the applicability date of the Act and pled guilty to violating the 2015 version of the law.

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.

¶10 Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955. A postconviction petitioner bears a heavy burden in seeking to overturn a district court's denial of postconviction relief based on ineffective assistance of counsel claims. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948.

¶11 Discretionary rulings made by the district court in a postconviction relief proceeding, including rulings on whether to hold an evidentiary hearing, are reviewed for an abuse of discretion. *Heath*, ¶ 13.

¶12 Beavers argues his trial counsel was ineffective for failing to argue at sentencing that Beavers should be sentenced under the 2017 legislative revisions to the sexual intercourse without consent statutes passed by SB 29. Beavers asserts the 2017 legislative revisions became effective before he was sentenced and thus should apply. We disagree.

¶13 By applying statutory changes to the date of occurrence, rather than to the date of sentencing, the Legislature carefully avoids case processing pitfalls. *State v. Thomas*,

4

2019 MT 155, ¶ 14, 396 Mont. 284, 445 P.3d 777.  In applying a statute, this Court will ascertain legislative intent and give effect to legislative will.  *Thomas*, ¶ 8.

¶14　In order to succeed on an ineffective assistance of counsel claim, a postconviction petitioner has a burden to demonstrate: (1) "that counsel's performance was deficient—making errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment," and (2) "that counsel's performance prejudiced the defendant, in other words, that the errors 'were so serious as to deprive the defendant of a fair trial.'"  *State v. Schowengerdt*, 2018 MT 7, ¶ 31, 390 Mont. 123, 409 P.3d 38 (quoting *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861).  A defendant must satisfy both prongs of this test and, if an insufficient showing is made on one prong, this Court need not address the other prong.  *Baca*, ¶ 16.

¶15　We find no merit in Beavers' claim of ineffective assistance of counsel.  The Legislature manifested an intent for SB 29, in its entirety, to apply to crimes committed on or after October 1, 2017.  Beavers committed the crime on July 8, 2016.  The District Court correctly applied the 2015 statute in sentencing, and Beavers' counsel was not ineffective for declining to argue otherwise.  We affirm the District Court's holding that Beavers did not receive ineffective assistance of counsel.

¶16　The District Court did not abuse its discretion when it dismissed Beavers' postconviction relief petition without holding an evidentiary hearing.  A district court may dismiss a petition for postconviction relief without holding an evidentiary hearing if the petition fails to satisfy the procedural threshold pursuant to § 46-21-104(1)(c), MCA.

5

*Hamilton v. State*, 2010 MT 25, ¶ 10, 355 Mont. 133, 226 P.3d 588. A petition for relief must identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts. Section 46-21-104(1)(c), MCA. The petition must be accompanied by a supporting memorandum, including appropriate arguments and citations and discussions of authorities. Section 46-21-104(2), MCA. A district court may dismiss a petition for postconviction relief without ordering a response if the petition, files, and records conclusively show that the petitioner is not entitled to relief. Section 46-21-201(1)(a), MCA. *Hamilton*, ¶ 11.

¶17 Beavers was not entitled to an evidentiary hearing in this case. An evidentiary hearing as to why defense counsel did not raise a meritless argument at sentencing would have been futile. The District Court did not abuse its discretion in declining to hold an evidentiary hearing with respect to this claim.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

6