FILED

04/01/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0241

DA 24-0241

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2025 MT 65N

TERRY SULLIVAN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-20-1304
Honorable Shane A. Vannatta, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Terry Sullivan, Self-Represented, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

      Matthew C. Jennings, Missoula County Attorney, Missoula, Montana

                  Submitted on Briefs:  March 5, 2025

                      Decided:  April 1, 2025

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terry Sullivan (Sullivan) appeals the February 13, 2024 Order of the Fourth Judicial District Court, Missoula County, denying his amended petition for postconviction relief from his misdemeanor conviction for disorderly conduct in Missoula Municipal Court. We affirm.

¶3 The State charged Sullivan with misdemeanor disorderly conduct in May 2016 after he exited his vehicle in traffic while at a red light and challenged another driver to fight him while shouting obscenities. Sullivan failed to make his initial appearance, and the Municipal Court held that he had waived his right to a jury trial. Sullivan's attorney was able to successfully convince the court to reverse that decision and allow a jury trial. Additionally, Sullivan's attorney filed an unsuccessful motion to dismiss the charge against Sullivan, alleging the State lacked probable cause. The jury ultimately convicted Sullivan on January 5, 2017. New counsel represented Sullivan in his appeal of his conviction to the District Court until Sullivan decided to proceed pro se. When Sullivan failed to file his opening brief, the District Court dismissed the matter on August 1, 2017.

¶4 Sullivan filed a motion for reconsideration in the District Court. The District Court denied his motion on September 7, 2017. Sullivan's attempt to appeal to this Court failed as untimely. *City of Missoula v. Sullivan* (*Sullivan I*), No. DA 17-0648, Order (Mont. Nov. 14, 2017). Sullivan then filed a petition for an out of time appeal and a petition for rehearing, both of which we also denied. *City of Missoula v. Sullivan* (*Sullivan II*), No. DA 17-0648, Order (Mont. Dec. 5, 2017). Sullivan's subsequent petition for a rehearing proved more successful, as we vacated and withdrew *Sullivan I* and *Sullivan II* "[d]ue to analytical imprecision" but we again reached the same conclusions as the prior Orders because Sullivan failed to show good cause for an out of time appeal and had "at best shown no more than his own mistake, or otherwise excusable neglect" in following timing deadlines. *City of Missoula v. Sullivan* (*Sullivan III*), No. DA 17-0648, Order (Mont. Jan 2, 2018). On July 26, 2018, Sullivan attempted to appeal the August 1, 2017 dismissal of his appeal to the District Court which we dismissed with prejudice as untimely. *City of Missoula v. Sullivan* (*Sullivan IV*), No. DA 18-0451, Order (Mont. Apr. 23, 2019).

¶5 Sullivan petitioned the District Court for postconviction relief on October 13, 2020, alleging 76 ineffective assistance of counsel claims against his public defender during his 2016 Municipal Court trial, supported by a 212-page memorandum. On May 17, 2022, the District Court dismissed Sullivan's postconviction relief petition, concluding that Sullivan premised his arguments on a mistaken understanding of the law and that he failed to support his petition with "affidavits, records, citations, or other evidence establishing the existence of the facts he alleges[.]" Sullivan then filed an amended petition in which he incorporated

3

"by reference, as if fully set forth herein verbatim[,]" his first postconviction relief petition and its supporting memorandum. He further used his amended petition to assail the court's dismissal of his original postconviction relief petition. On February 13, 2024, the District Court denied and dismissed Sullivan's amended petition. Sullivan now appeals.

¶6    We review a district court's denial of a petition for postconviction relief to determine whether its factual findings are clearly erroneous and whether its legal conclusions are correct. *Garding v. State*, 2020 MT 163, ¶ 12, 400 Mont. 296, 466 P.3d 501 (citation omitted). Ineffective assistance of counsel claims present mixed questions of law and fact which we review de novo. *State v. Godfrey*, 2009 MT 60, ¶ 10, 349 Mont. 335, 203 P.3d 834.

¶7    "[P]ostconviction relief is civil in nature and independent of the underlying criminal cause." *Coleman v. State*, 194 Mont. 428, 433, 633 P.2d 624, 627 (1981). "A person judged guilty of an offense in a court of record who has no adequate remedy of appeal [. . .] may petition the court that imposed the sentence to vacate, set aside, or correct the sentence or revocation order." Section 46-21-101(1), MCA. The petitioner in postconviction relief proceedings has the burden to show by a preponderance of the evidence that the facts justify relief. *Godfrey*, ¶ 13 (quotation omitted). The statutory requirements for postconviction relief are demanding in their pleading requirements. *Ellenberg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. When seeking postconviction relief, the defendant must identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts. *Godfrey*,

4

¶ 13 (citations omitted); § 46-21-104(c), MCA. Mere conclusory allegations are not enough to support the petition. *Godfrey*, ¶ 13 (citation omitted). A defendant's affidavit, unsupported by evidence, is also insufficient to support a petition for postconviction relief. *Godfrey*, ¶ 13 (citing *Williams v. State*, 2002 MT 189, ¶ 19, 311 Mont. 108, 53 P.3d 864).

¶8 Here, Sullivan supported his amended petition with a signed declaration purporting that all the facts included in his two postconviction filings "are true and correct[.]" Beyond this declaration, Sullivan offers no affidavits, records, or other evidence establishing the facts alleged. Instead, Sullivan offers conclusory allegations he claims entitle him to relief from his conviction. By his own admission, the claims of ineffective assistance of counsel are non-record based. Yet, Sullivan did not submit an affidavit from his defense counsel allowing for an explanation of the allegedly deficient conduct at trial. A district court has wide latitude to dismiss a petition for failing to comply with the requirements of § 46-21-104(c), MCA. *Hamilton v. State*, 2010 MT 25, ¶ 10, 355 Mont. 133, 226 P.3d 588 (citations omitted). The District Court correctly dismissed Sullivan's ineffective assistance of counsel claims for failure to provide an evidentiary record, and we likewise decline to examine claims backed by an incomplete record.

¶9 Regardless of whether Sullivan provided the required evidence to the District Court, his ineffective assistance of counsel claims fail because he has not demonstrated his defense counsel's performance at trial was deficient. A party alleging ineffective assistance of counsel must prove two elements: 1) counsel's performance was deficient and 2) this deficient performance prejudiced the defendant. *Strickland v. Washington*,

466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Counsel is deficient when counsel makes "errors so serious that counsel was not functioning as 'counsel' as guaranteed" by the U.S. and Montana constitutions. *State v. Schowengerdt*, 2018 MT 7, ¶ 31, 390 Mont. 123, 409 P.3d 38 (citations omitted). A defendant claiming ineffective assistance of counsel bears the "heavy burden" to overcome the strong presumption that counsel's actions were within the broad range of reasonable professional assistance. *Whitlow v. State*, 2008 MT 140, ¶ 21, 343 Mont. 90, 183 P.3d 861 (citations omitted).

¶10     In the instant case, Sullivan has not provided evidence to rebut the presumption that his defense counsel operated within the broad range of reasonable professional assistance. Instead, he relies on his lack of success at trial as evidence of deficient performance. "Success is not the test of efficient counsel." *Riggs v. State*, 2011 MT 239, ¶ 32, 362 Mont. 140, 264 P.3d 693 (citation omitted). Accordingly, Sullivan's failure to provide evidence of deficiency on the part of trial counsel beyond the mere fact that he lost below is fatal for his claims here.

¶11     Further, Sullivan's remaining argument challenging his conviction is also inappropriate for postconviction proceedings. "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter." Section 46-21-105(2), MCA. Criminal defendants may not substitute postconviction relief for direct appeal. *DeShields v. State*, 2006 MT 58, ¶ 15, 331 Mont. 329, 132 P.3d 540 (citation omitted).

6

¶12    Here, Sullivan had the opportunity to make his arguments regarding the applicability of § 45-8-101(d), MCA, to his case in his appeal to the District Court in 2017. Sullivan apparently abandoned that appeal by failing to file his opening brief. He subsequently exhausted his appeals, both through his attempts to have the District Court reconsider his case and in his previous attempts to appeal to this Court. Section 46-21-105(2), MCA, is a procedural bar to Sullivan's claims. The District Court was correct to not entertain a new theory raised for the first time in Sullivan's petitions for postconviction relief that he could have reasonably asserted through direct appeal.

¶13    For the above reasons, we affirm the District Court's conclusion that Sullivan has failed to demonstrate he is entitled to postconviction relief.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE