

FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0572

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0572

BRANDON BAGNELL,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

DEC 2 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Brandon Bagnell has filed a verified Petition for a Writ of Habeas Corpus, indicating that his sentence is illegal because it is longer than the law allows. He moves for appointment of counsel in this original proceeding.

This Court is familiar with Bagnell's history. In May 2013, the State of Montana charged Bagnell with felony stalking in the Twentieth Judicial District Court, Lake County. Through counsel, Bagnell entered into a plea agreement with the State and pled guilty to felony stalking in exchange for dismissal of the other charges along with the State's withdrawal of the persistent felony offender (PFO) notice (hereinafter 2014 conviction). The District Court imposed a five-year term to the Department of Corrections (DOC). Bagnell appealed. On January 19, 2016, this Court dismissed his appeal following our review because we agreed with his counsel's motion and brief requesting withdrawal on the grounds that no nonfrivolous issues on appeal existed. *State v. Bagnell*, No. DA 15-0039, Order dismissing appeal (Mont. Jan. 19, 2016) (citing *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) and § 46-8-103(2), MCA) (*Bagnell I*).

In August 2016, Bagnell filed a petition for postconviction relief in the District Court. The District Court denied his petition. Representing himself, Bagnell appealed. This Court affirmed the District Court. *Bagnell v. State*, No. DA 16-0738, 2018 MT 42N, ¶¶ 2, 19, 2018 Mont. LEXIS 55 (*Bagnell II*).

On January 31, 2018, the Lake County District Court sentenced Bagnell as a PFO for felony stalking and imposed a twenty-year term to the Montana State Prison (hereinafter 2018 conviction). Through counsel, he appealed. We affirmed. *State v. Bagnell*, No. DA 18-0160, 2020 MT 234N, ¶¶ 2, 15, 2020 Mont. LEXIS 2317 (*Bagnell III*).

In his current Petition, Bagnell contends that he is serving facially invalid sentences. He challenges his plea for his 2014 conviction of stalking and contends that he has new evidence about the victim. He contends that a jurisdictional defect exists because he was not served a copy of the original Amended Temporary Order of Protection in May 2012. Because of this alleged oversight, he maintains that he should have never had a second felony offense of stalking resulting in a PFO sentence in 2018. Bagnell requests his immediate release from MSP.

Any challenge regarding alleged deficient service and jurisdiction should have been raised in District Court several years ago.

> Under § 46-13-101, MCA, most defenses or objections to a criminal charge that are capable of determination without trial must be raised at or before the omnibus hearing. Failure to raise such defenses or objections prior to trial constitutes a waiver of the defense or objection. However, lack of jurisdiction is a non-waivable defect and must be noticed by the court at any time during the pendency of the proceeding. Section 46-13-101(3), MCA.

*State v. Williams-Rusch*, 279 Mont. 437, 453, 928 P.2d 169, 179 (1996). Reviewing Bagnell's attachments reveals that in 2014 his counsel at the time raised a jurisdictional challenge in a motion for limine, during the pendency of the proceeding, and prior to Bagnell's conviction. Counsel for Bagnell requested dismissal of the offense in the District Court. On October 31, 2014, the court held a hearing on the pending motions, which was also the same day that the Acknowledgement and Waiver of Rights and Plea Agreement was filed. Instead of dismissal, the District Court decided it had jurisdiction over Bagnell's offense by securing a felony conviction. Sections 46-2-101, and 46-2-201, MCA.

2

Bagnell's other claims have been litigated before this Court. Bagnell asserted an involuntary plea with his 2014 conviction of stalking. We addressed this challenge and pointed out:

> Bagnell's argument that his Plea was involuntary because [his attorney] failed to include the right to appeal is without merit. Prior to Bagnell's entry of a guilty plea, the District Court conducted a detailed colloquy during which Bagnell affirmed that he was not under the influence of drugs or alcohol and was not suffering from any mental, physical, or emotional impairment, no threats had been made against him or promises made to him—other than those contained within the plea agreement—he acknowledged that he had adequate time to work with counsel . . . to prepare and indicated further that he was satisfied with [his counsel's services].

*Bagnell II,* ¶ 16. Bagnell's sentence for his 2014 conviction is valid.

Bagnell's sentence for his 2018 conviction is also valid. As mentioned, Bagnell appealed, challenging the lack of a specific instruction from the court to the jury about the mental state. We concluded, after review, that Bagnell did not suffer an unfair jury trial. *Bagnell III,* ¶ 15:

> As we have explained, in light of the evidence presented at trial—chiefly, Bagnell's explicit letters to L.L. and the impact they had on her—we are confident that the jury would not have reached a different outcome had defense counsel objected to the court's instructional error.

*Bagnell III,* ¶ 14. This brings us to Bagnell's last claim about new evidence. In his appeal, we addressed Bagnell's written threats to the victim, L.L., including some of the testimony from the investigative officer who read to the jury parts of Bagnell's letters to the victim. *Bagnell III,* ¶¶ 3, 11-12. Bagnell will find no relief now in his attempts to blame the victim.

Bagnell brings his claims too late and via the wrong remedy of habeas corpus. Section 46-22-101(2), MCA bars a person "who has been adjudged guilty of an offense and . . . has exhausted his remedy of appeal, to attack the validity of his sentence." *Lott v. State,* 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. His claims either could have been, or should have been, raised in his appeals. *See Bagnell I; Bagnell II,* and *Bagnell III.* By appealing, Bagnell has exhausted the remedy of appeal and cannot now attack the

sentences for his convictions. His prison sentence is not any longer than the law allows. Section 46-18-502(1), MCA (2017). Therefore,

IT IS ORDERED that Bagnell's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Bagnell's Motion for Appointment of Counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Brandon Bagnell personally.

DATED this 22nd day of December, 2020.

_____
Chief Justice

_____

_____

_____
Justices